UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACKIE, ET AL.<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF SANTA CRUZ, ET AL.<br><br>    Defendants. | Case No. 4:19-CV-2096-YGR<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO REOPEN CASE, LIFT STAY, AND SET A CASE MANAGEMENT CONFERENCE<br><br>Re: Dkt. No. 96. |

The Court is in receipt of plaintiffs' motion to reopen this case, lift the current stay, and set a case management conference. Having carefully considered the papers submitted in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motion.[1]

### I.     FACTUAL BACKGROUND

Plaintiff filed this action in 2019 following a series of incidents from the year prior. As alleged, defendant Ralph Millar shot plaintiff Jennifer Mackie following the County of Santa Cruz's ("County's") failure to protect her, despite knowledge of the threat Millar posed. The complaint alleges that Mackie's landlord granted Millar unauthorized access to Mackie's home, after which time Millar harassed and ultimately shot her. From the time Mackie first learned of Millar's unauthorized access to her home, she was in repeated contact with local law enforcement and emergency response services, who she alleges failed to adequately prevent the shooting.

The shooting occurred on August 15, 2018. On March 31, 2020, then-District Court Judge Koh granted the parties' joint stipulation to stay this civil matter pending resolution of Millar's

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument.

criminal trial stemming from the same underlying events. After Millar accepted a plea and began serving his sentence, plaintiffs moved to lift the stay. The County opposed the motion. The County argues the stay should remain in place until the resolution of Millar's appeal based on ineffective assistance of counsel.

## II.  LEGAL STANDARD

The Constitution does not require civil matters be stayed pending resolution of parallel criminal proceedings, *Fed. Sav. & Loan Ins. Corp. v. Molinaro,* 889 F.2d 899, 902 (9th Cir. 1989), but a court may order such a stay in "the interests of justice." *SEC v. Dresser Indus.,* 628 F.2d 1368, 1375 (D.C. Cir. 1980). In addition to weighing a defendant's Fifth Amendment rights, courts consider the five *Keating* factors in deciding whether to allow parallel civil and criminal actions to proceed simultaneously. *See, Cisco Sys., Inc. v. Sheikh,* 2020 WL 7408229 at *1 (N.D. Cal. 2020). Those are:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* (quoting *Keating v. Off. of Thrift Supervision,* 45 F.3d 322, 324-25 (9th Cir. 1995).)

## III.  ANALYSIS

The County's primary argument against lifting the stay concerns Millar's Fifth Amendment Rights. It argues that because "both cases involve the same general set of facts[,] it is possible that statements Mr. Millar makes in the course of the civil proceeding could be used against him in a possible retrial of his criminal case." (Dkt. No. 98 at 3.)

As an initial matter, the Court notes that the final three *Keating* factors weigh in favor of lifting the stay. "First, case law is replete with examples of the need to resolve cases expeditiously." *Sheikh,* 2020 WL 7408229 at *1. There appear to be no implicated third parties with interests in maintaining the stay, and the public interest favors quick resolution of this case, given that it implicates possible gross failures of the County to maintain public trust and safety.

1    Next, the Court considers Millar's Fifth Amendment rights. "A defendant has no absolute
2 right not to be forced to choose between testifying in a civil matter and asserting his Fifth
3 Amendment privilege." *Keating,* 45 F.3d at 326. The appropriate question in this context, therefore,
4 is not whether *any* tension exists between Millar's interests in the two proceedings, but merely
5 whether lifting the stay "would result in '*substantial prejudice* to'" his Fifth Amendment rights.
6 *Thissel v. Murphy,* 2017 WL 694502 at *2 (N.D. Cal. 2017) (quoting *Keating*, 45 F.3d at 324)
7 (emphasis in original). The County offers no evidence of such substantial prejudice. Instead, the
8 motion notes only the mere *possibility* that Millar's statements offered in the civil context could end
9 up being used at a possible retrial. Absent more, the argument fails for several reasons. First, well-
10 known protections already exist to guard against the erosion of Millar's rights against self-
11 incrimination. Millar could always decline to answer specific questions at deposition or a civil trial,
12 for instance. Second, the possibility that the civil proceedings will implicate Millar's Fifth
13 Amendment rights depends on several intervening events, none of which is guaranteed to occur.
14 Third, there being numerous defendants and multiple causes of action against them, lifting the stay
15 will not necessarily mean plaintiffs will take Millar's deposition or call him to testify at trial any
16 time soon. The parties anticipate significant discovery in this matter which has not begun in earnest
17 yet. The parties can thus work with the Court to craft a case management schedule once the stay has
18 been lifted that affords Millar the constitutional protections to which he is entitled.

19    Weighed against the remaining *Keating* factors, plaintiffs' interest in continuing with the
20 case outweighs any opposing interest in continuing the stay. First, "stays of an undefined period are
21 disfavored." *Sheikh,* 2020 WL 7408229 at *1. Second, in this instance, almost six years have
22 passed since the shooting. Plaintiffs undoubtedly have an interest in moving this case forward.
23 "Witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication
24 or redress for indefinite periods of time on end." *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.,* 720
25 F. Supp. 805, 809 (N.D. Cal. 1989.)

26    In balancing the interests of plaintiffs, the Court, and the public in litigating this matter
27 against Millar's in maintaining the stay, the Court finds in favor of allowing plaintiffs to have their
28 day in court.

### IV. CONCLUSION

For the reasons set forth above, plaintiffs' motion to reopen the case, lift the stay, and set a case management conference is hereby **GRANTED.**

This terminates Docket No. 96.

**IT IS SO ORDERED**.

Date: August 1, 2024

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE